THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEMETRIUS HORACE REED**                                            **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:13CV1009-HTW-LRA**

**OFFICER KALEB POWE**                                          **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Demetrius Horace Reed [hereinafter "Plaintiff"] filed a Complaint pursuant to 42 U.S.C. Section 1983 on April 1, 2013, naming as Defendants Officer Kaleb Powe, as well as various officials at the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi. According to Plaintiff, Officer Powe sprayed mace in his cell and then provided no medical care for eight hours. He was granted *in forma pauperis* status by Order [6] entered April 24, 2013. By Order [9] entered May 20, 2013, process was directed to issue for Officer Powe, and the remaining Defendants were dismissed. The summons was returned unexecuted on June 27, 2013, marked "no longer employed at EMCF." [12].

This Court has entered three Orders to Show Cause in this case directing Plaintiff to provide an address for Powe [13, 15, & 18] in order for the summons to be served by the United States Marshals Service. The Court also conducted an omnibus hearing to attempt to explain to Plaintiff that he must find an address for Defendant Powe, and serve him, before his claims could be prosecuted. Powe is no longer employed by the EMCF, and the attorney for EMCF confirmed that EMCF has no current address for Powe. Plaintiff was

directed to show cause regarding service by Order filed October 21, 2013, and he responded that he did not know the whereabouts of Powe [14].   Another Order was entered [15] on September 16, 2014.  The Court conducted an omnibus hearing on November 4, 2014, and personally explained to Plaintiff that this Court has no personnel to investigate and find a current address on his behalf, and it is not the Court's duty to do so.  The Court explained that until a party has been served, the Court has no power or jurisdiction over a Defendant.

Plaintiff was advised by Order and in person that it is his responsibility to ascertain an address for Defendant Powe, either by utilizing family members' assistance or by other means.  By Order filed March 24, 2016, [18], Plaintiff was granted until April 5, 2016, to show cause as to why his complaint should not be dismissed due to his failure to cause process to be served within 120 days after the filing of the Complaint.

After considering the record in this case, as well as Plaintiff's sworn testimony, it is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute his case by not having caused process to be served within 120 days after filing the Complaint and by not having complied with the Court's Orders to Show Cause.

At the time Plaintiff filed his Complaint, FED.R.CIV.P. 4(m) provided as follows:

> **(m) Time Limit for Service.**  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. ...

Rule 4(m) has now been revised (effective December 1, 2015) to provide that the summons must be served within 90 days after the Complaint is filed, rather than 120. In this case, the time period for serving process originally expired on or about September 20, 2013, 120 days after the United States Marshal was directed to serve the Complaint. Even using the date the summonses were returned unexecuted, Plaintiff still should have caused process to be served on or before October 27, 2013. The Court has not previously dismissed the case because prisoner plaintiffs are given great latitude in effecting process due to their incarceration. However, Plaintiff has not responded to the Court's last Order, and the Court must presume that he does not wish to proceed because he cannot locate an address for Defendant Powe.

This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the Court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

For these reasons, it is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m) and FED.

R. CIV. P. 41(b).  If Plaintiff objects to dismissal and shows good cause as to why his case should not be dismissed, he should be required to explain to the Court how he intends to proceed against Defendant Powe.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 8th day of April 2016.


                                             S/ Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE